UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re<br>Gilberto Peralta<br>Yulissa Vivicea<br>    Debtors<br><br>Gregg M. Sidotti<br>    Plaintiff/Plaintiff<br><br>v.<br><br>Gilberto Peralta<br>    Defendant/Defendant | District Court No.: 3:20-cv-1340-VLB<br><br>Bankruptcy court No.: 19-51506<br><br>Adversary No.: 20-5003<br><br>September 24, 2021 |

## MEMORANDUM OF DECISION AFFIRMING BANKRUPTCY COURT ORDER

Gilberto Peralta ("Defendant") appeals from an order of the United States bankruptcy court for the District of Connecticut (Manning, J.), which denied Defendant's motion for relief from judgment filed in the underlying adversary proceeding. Defendant argues that the bankruptcy court erred in denying his motion for relief from judgment because Defendant's former counsel effectively abandoned Defendant within the adversary proceeding and allowed judgment to enter against Defendant without consent. Gregg Sidotti ("Plaintiff"), the plaintiff below, objects, arguing that this Court lacks jurisdiction because Defendant failed to serve Plaintiff with the record of appeal and served the brief late. Plaintiff also argues that Defendant's argument that former counsel effectively abandoned Defendant is not preserved for appeal or properly before this Court. Lastly, Plaintiff argues that the merits of Defendant's argument fails because former counsel did not abandon Defendant. Defendant did not file a reply brief.

1

For the reasons set forth below, the Court AFFIRMS the order of the bankruptcy court.

I. BACKGROUND

This case stems from an adversary complaint filed by Plaintiff on February 24, 2020, in which he objects to discharge of its claim against Defendant and objects to the discharge of Defendant's Chapter 7 bankruptcy. [A15–88].[1] The complaint provides that Plaintiff filed suit against Defendant in New York state court alleging breach of contract on a home improvement contract. [A17–21]. The state court entered judgment in favor of Plaintiff in the amount of $36,225.91, which includes treble damages for Defendant's knowingly fraudulent conduct. [A20]. After the state court judgment was entered, Defendant filed for Chapter 7 bankruptcy. [A21].

In the complaint Plaintiff sought, among other things, an order (1) excepting the state court judgment from discharge pursuant to 11 U.S.C. §§ 523(a)(11), (a)(4), (a)(2)(A) and (a)(6) and (2) denying discharge for all debts pursuant to § 727(a)(4)(A) and (a)(2)(A). [A30]. With respect to the first request for relief, an order of non-dischargeability of debt owed to Plaintiff, Plaintiff generally alleged that the state court judgment was incurred as a result of fraud and was thus nondischargeable under the Bankruptcy Code. [A22–24]. With respect to the second request for relief, an order denying discharge on all Defendant's debts, Plaintiff generally

---

[1] When citing to the appendix in this case [Dkt. 16], the Court will use the prefix "A" and followed by the PDF page number.

alleged that Defendant made several false statements or omissions in his bankruptcy petition and discharge must therefore be denied. [A25–29].

On March 6, 2020, Defendant, by and through his then-counsel, Attorney Gerald Hecht, filed an answer to the complaint brought in the adversary proceeding. [A93–97]. The answer generally denied every material allegation. [*Id*.]. This includes a denial that the "State Court awarded plaintiff treble damages for defendant's fraud, and entered a judgment in plaintiff's favor in the amount of $36,225.91." [A17, A94].

On April 21, 2020, the bankruptcy court conducted a telephonic pretrial conference. [A98–108]. The bankruptcy court confirmed that Attorney Hecht represented Defendant in the state court case, which Attorney Hecht confirmed, and confirmed that an appeal was not taken from the state court judgment, which there was not. [A100–01]. The bankruptcy court inquired as to what possible defenses Defendant could have to interfere with the state court's judgment and finding of fraud. [A101]. Attorney Hecht stated that the first defense is that "he did not defend the New York case." [*Id.*]. The bankruptcy court rejected this "defense" after confirming Defendant chose not to defend himself in the state court action. [*Id.*]. Attorney Hecht then stated that the second defense is to "the amount of the claim." [A102]. The bankruptcy court rejected this defense as well after confirming the Defendant did not appeal the final judgment citing to the *Rooker-Feldman* doctrine and the Full Faith and Credit Clause of the United States Constitution. [*Id.*]. When counsel reported having no other defenses to the complaint, the bankruptcy court inquired whether counsel would stipulate to the entry of

3

judgment on the complaint. [*Id.*]. After some back and forth, counsel suggested that he contact his client to try to work out an arrangement and report back. [A104]. The bankruptcy court agreed to this plan and continued the hearing to May 19, 2020. [A107].

At the May 19, 2020 hearing, counsel for the Defendant did not appear. [A110–18]. On May 21, 2020, the bankruptcy court issued an order to appear and show cause as to why judgment should not be entered in favor of Plaintiff. [A120–22]. The next day, on May 22, 2020, Attorney Hecht filed a motion for rehearing wherein he stated he tried to call during the scheduled telephonic conference on May 19th but he was placed on "hold." [A123–24].

A telephonic hearing on the order to show cause was held on June 16, 2020. [A126]. At the hearing, Attorney Hecht and Plaintiff were present. [A126–143]. Attorney Hecht reported to the bankruptcy court that he will withdraw the answer to the complaint and "let the Court issue the judgment in favor of [Plaintiff] in the full amount." [A130]. The bankruptcy court clarified that the complaint sought to block the discharge of the entire case, not just the state court judgment. [*Id.*]. Attorney Hecht stated that "it is my opinion that . . . every other aspect of this bankruptcy petition as well as the one for . . . his wife . . is a hundred percent fine . . . ." [A131]. The Court rejected this argument noting that Defendant failed to properly respond and assert this argument. [A131].

Shortly thereafter, Defendant joined the telephonic hearing where the bankruptcy court generally inquired as to how Defendant could be fighting the non-dischargeability of the state court judgment. [A132–35]. Defendant informed the

4

court that the reason he filed for bankruptcy was because he could not pay the debt owed to the Plaintiff.  [A134].  After some back and forth with the court, Defendant stated: "I mean, you know, I mean, that's why I hire an attorney. I have no idea how any of this stuff works, you know."  [A135].  The bankruptcy court inquired with Attorney Hecht as to whether he explained the non-discharge of the bankruptcy petition to his client, which Attorney Hecht said he did.  [*Id.*].  Defendant did not object or argue this was not truthful.

During the telephonic hearing, the bankruptcy court clarified that Plaintiff "has asked in his complaint very clearly that [Defendant] not receive a discharge of any debts, not just [Plaintiff's] debts, of any debts due to the misrepresentations made on the statements and schedules of affairs filed under penalty of perjury."  [A137].  Attorney Hecht then stated: "I'm not disagreeing."  [*Id.*].  Defendant did not object or argue that this was not truthful.

That day, the Court entered judgment for Plaintiff and denied discharge on the Chapter 7 in its entirety.  [A144–46].

On August 6, 2020, new counsel for Defendant, Attorney Arcaro, filed a motion for partial relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  [A147–52].  The motion generally argues that relief from judgment should be afforded because Attorney Hecht did not act with Defendant's consent when he stipulated to the non-dischargeability of the bankruptcy petition in its entirety.  [*Id.*].

On August 24, 2020, Plaintiff filed an opposition to Defendant's motion for partial relief.  [A177–88].

On August 26, 2020, Attorney Hecht filed an opposition to the motion for partial relief himself. [A158]. Attached to the opposition was an affidavit wherein Attorney Hecht attests that: "I had spoken to [Defendant] on June 2, 2020 and June 16, 2020 (before the Court call) directly about 'letting the case go' and allowing the New York judgment to stand. He understood me, he understood what the Court had said, and permitted me to withdraw the Answer." [A161].

On September 4, 2020, the bankruptcy court denied Defendant's motion for relief from judgment. [A219–225]. The bankruptcy court found that Attorney Hecht's alleged failures were not so egregious and profound that they amounted to a total abandonment of Defendant's case. [A223]. The bankruptcy court went on to say that "[b]oth Attorney Hecht and [Defendant] were questioned during the June 16th Show Cause hearing to confirm they understood that the Complaint sought to deem [Plaintiff's] debt non-dischargeable and to deny [Defendant] a Chapter 7 discharge." [A224]. In addition, the bankruptcy court found that Defendant "does not face 'extreme and undue hardship' as a result of the Judgment, nor is it unjust to bind him to the Judgement, the terms of which the Court ensured both he and his counsel understood and agreed to on the record." [*Id.*].

II.   STANDARD OF REVIEW

A bankruptcy court's ruling on a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is reviewed for abuse of discretion. *See Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir. 1986). It is well settled that the reviewing court "may affirm on any grounds for which there is a

record sufficient to permit conclusions of law, including grounds not relied upon by the [court below]." *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 68 (2d Cir. 1991) (internal quotation marks omitted).

III. DISCUSSION

A. Jurisdiction

Plaintiff argues that this Court lacks jurisdiction over this appeal because Defendant never served upon Plaintiff a copy of the record and served a copy of its brief one day after its due date. Defendant did not respond. The Court rejects Plaintiff's argument because Plaintiff has failed to show that the one-day delay in serving the brief or the failure to serve a copy of the record has caused him any prejudice. *See United States v. Jones*, 129 F.3d 114 (2d Cir. 1997) (denying motion for summary judgment based on the failure of the government to serve its appellate brief on defendant noting that defendant did not show prejudice). Plaintiff was capable of fully and timely responding to the brief.

Therefore, the Court finds it has jurisdiction to consider this appeal.

B. Merits

This appeal centers on whether the Bankruptcy court erred in denying Defendant's motion for relief from judgment brought pursuant to Rule 60(b). Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Generally, the Second Circuit has "consistently declined to relieve a client under subsection (1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'" *Id.* at 62. "[A] person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Id.* "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Id.* However, like most things in law, there is an exception to this general rule—when an attorney acts without her client's permission. This exception was recognized in *Nemaizer*, which noted that "[t]here [wa]s no allegation . . . that former counsel lacked authority to enter into the stipulation." *Id.* at 62.

The bankruptcy court here applied the legal standard summarized in *In re Taub*, 421 B.R. 93, 102 (Bankr. E.D.N.Y. 2009). In *Taub*, the court stated that "courts have found that Rule 60(b)(6) is "*very rarely*" used to grant relief for alleged attorney failure." *Id.* (emphasis in original). The court summarized that in these

types of circumstances "a lawyer's failures must be so egregious and profound that they amount to an abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance." *Id.* at 102–03 (citing to *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)).

Defendant does not argue on appeal that the bankruptcy court applied the wrong legal standard. Thus, Defendant has waived any argument that the legal standard applied by the Bankruptcy court was erroneous. *United States v. Barnes*, 107 F.3d 4, 2 (2d Cir. 1997) ("Failure to include an argument in the appellate brief waives the argument on appeal."). For the same reason, the Court will not consider whether the bankruptcy court was required to conduct an evidentiary hearing; *see Gomez v. City of New York*, 805 F.3d 419 (2d Cir. 2015); because again Defendant did not request an evidentiary hearing below and does not argue on appeal the bankruptcy court erred by failing to conduct an evidentiary hearing. The Court will only consider the arguments raised in the briefing, which is that the bankruptcy court erred in finding that Defendant did not establish extraordinary circumstances justifying relief.

Defendant specifically argues that Attorney Hecht abandoned him and acted without his authority during the show cause hearing when he agreed to withdraw the answer to the underlying complaint. Plaintiff argues that the issue of abandonment was not raised by Defendant prior to the appeal, and thus the argument is waived. Plaintiff also argues that the bankruptcy court did not err in finding Attorney Hecht did not abandon Defendant in a manner that would warrant relief under Rule 60(b). In addition, Plaintiff argues that the allegations of the

complaint, specifically with respect to the claims of false statements in the bankruptcy petition, warranted denial of discharge.  Defendant did not file a reply.

At the outset, the Court rejects Plaintiff's argument that the issue of abandonment is not properly before this Court.  While Defendant did not rely on the same arguments relating to abandonment below as he does here, the issue of abandonment was sufficiently addressed by the bankruptcy court in its decision denying the motion.  See *In re DPH Holdings Corp.*, 468 B.R. 603, 619 (S.D.N.Y. 2012) ("To preserve an issue for appellate review by the district court, the issue must be raised sufficiently below such that the bankruptcy court can rule on the issue.").  Admittedly, Defendant failed to raise the issue but the policy behind the rules of preservation is not furthered by refusing to consider the merits of Defendant's appeal because the issue was fully decided by the bankruptcy court in the first instance.

As to the merits of the appeal, the Court cannot find that the bankruptcy court erred in finding this was not an exceptional circumstance warranting relief.  This is because the type of "abandonment" that Defendant claims to have suffered from is not the kind of abandonment that warrants relief under Rule 60(b).  The Second Circuit has afforded Rule 60(b) relief based on attorney abandonment in two relevant cases.  The first was in *Vindigni v. Meyer*, 441 F.2d 376 (2d Cir. 1971), where the plaintiff's counsel entirely disappeared during the litigation.  The plaintiff's counsel in *Vindigni* was substituted by court order, who immediately moved for relief.  *Id.* at 377.  The Second Circuit ordered the case be remanded for an evidentiary hearing on the issue of whether the plaintiff in fact neglected the

suit.  *Id.*  The court took note of the fault to be placed on the defendant's counsel who knew that the plaintiff's counsel had disappeared yet continued to send legal notices to the attorney instead of the plaintiff.  *Id.* at 377–78.

The second case where the Second Circuit considered attorney abandonment in the context of Rule 60(b) motions was *United States v. Cirami,* 563 F.2d 26 (2d Cir. 1977).  In *Cirami*, the government sued the defendants relating to federal income tax assessments.  *Id.* at 29.  The defendants hired counsel, who filed a brief answer on the defendants' behalf.  *Id.*  Thereafter, the plaintiff moved for summary judgment, which the defendants did not respond to.  *Id.*  The court entered judgment in favor of the plaintiff on the motion for summary judgment.  *Id.*  About six months later, new counsel appeared and moved for relief from judgment.  *Id.*  Evidence was ultimately presented showing that the defendants' first counsel failed to respond to the motion for summary judgment because he suffered from a mental disorder that manifested itself in his failure to complete work promised to his clients.  *Id.* at 31.  During this time, the defendants made repeated efforts to contact that attorney and monitor their case.  *Id.*  The Second Circuit held that this constructive abandonment was a basis for affording Rule 60(b) relief.  *Id.* at 33–35.  In reaching this conclusion, the Second Circuit noted that this was an extraordinary case.  *Id.* at 34.  The failure of counsel in *Cirami* was distinguished by the court from an attorney whose conduct was deliberate or the product of neglect, suggesting that such circumstances would not warrant relief under Rule 60(b).  *Id.*  In addition, the court noted that the defendants presented evidence of a plausible

defense on the merits of the underlying action, even though such fact is not determinative on the issue. *Id.* at 30, 35.

This case is unlike the cases where the Second Circuit has found an attorney's conduct can be a basis for relief under Rule 60(b). Attorney Hecht did not disappear or otherwise become unavailable during the litigation. Attorney Hecht was present during the original status conference and the show cause hearing. He participated in the calls and tried to make a defense for his client. His purported defenses all failed on their merits. Though he ultimately agreed to judgment in Plaintiff's favor, he did not do so by abandoning the case.

In addition, unlike *Vindigni* and *Cirami*, Defendant was aware of Attorney Hecht's conduct during the show cause hearing because he was present. Defendant was not only present, but he even participated. This is not like a case where a client learns his attorney failed to respond to a pleading or otherwise participate in a litigation. Defendant was fully apprised of the situation as it was unfolding. Defendant had the ability to rebut claims by Attorney Hecht during the call, such as the claim that Attorney Hecht explained to Defendant how non-dischargeability worked. He did not. While it may be true that Defendant did not fully grasp the complicated legal doctrines and consequences of the underlying complaint, it is not the responsibility of the court to make sure every client does. This is an untenable burden to place on the court and opposing party. Defendant chose Attorney Hecht to represent him as his official legal representative. Though he may regret that choice now, it is not a basis for finding an entitlement to the extraordinary relief of Rule 60(b).

**Also, unlike** *Vindigni* **and** *Cirami***, no fault can be placed at Plaintiff's hands. Plaintiff, who proceeded and proceeds here as pro se, was thorough in his presentation of the case and was quite reasonable in his approach. Plaintiff represented to the bankruptcy court that he was willing to negotiate with Defendant and reach a solution where Plaintiff would get paid what he is due. [A102–03]. Plaintiff made reasonable efforts to resolving the case, which Defendant refused. [A129–30]. This is not a case where a sophisticated party took advantage of a less-than diligent counsel or party. In those types of cases, it may be equitable to provide relief, but that is not the case here. Though this is not dispositive, it certainly distinguishes this case from the extraordinary circumstances in** *Vindigni* **and** *Cirami***.**

**Further, Defendant below nor here makes any argument as to the merits of his defense to the underlying complaint. While this is not dispositive on the issue, it certainly speaks to whether Defendant has suffered a serious hardship that would warrant the extraordinary relief he seeks. This is unlike** *Cirami***, where there were allegations that would have changed the ultimate result. Here, there is nothing to suggest that if the Court granted the appeal and remanded for further proceedings, the outcome would be any different. Defendant does not have a defense to the non-dischargeability of the state court judgment, which is patently obvious based on the record. Defendant has presented nothing to rebut the allegations that his petition was not fraudulent.**

**Defendant argues that Attorney Hecht was acting out of his own self-interest in agreeing to judgment. However, the Court cannot reach the conclusion that**

13

**Attorney Hecht's decision to agree to judgment was not calculated and deliberate. Defendant himself could have faced sanctions in this case if the allegations were proven true and Defendant was engaging in misconduct.  See Fed. R. Civ. Pro. 11 (c) ("If, after notice and a reasonable opportunity to respond, the court determines Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, *or party* that violated the rule or is responsible for the violation.") (emphasis added).  Even more so, Defendant could be exposed to criminal liability if he is found to have committed bankruptcy fraud as generally alleged in the underlying complaint.  See 18 U.S.C. § 152 (proscribing criminal punishment including a fine and/or imprisonment for bankruptcy fraud).  Attorney Hecht could have contemplated these risks to Defendant's interests in deciding to agree to judgment.  It is not the role of the court to audit the attorney-client relationship to ensure every decision made by counsel is endorsed by the client with full knowledge and understanding.**

**Lastly, Defendant cites to Tenth Circuit case law, which provides that Rule 60(b)(1) provides for reconsideration of judgments where "an attorney in the litigation acted without authority from a party . . . ."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).  While Defendant is correct that *Cashner* does provide that Rule 60(b)(1) may afford relief to a litigant when its attorney acted without authority, the lack of authority contemplated in that rule statement is not applicable here.  The facts of *Cashner* are instructive.  There, the Tenth Circuit found that a litigant's misunderstanding of how a settlement agreement would work was *not* a basis for relief under Rule 60(b)(1).  *Id.* at 576–79.  This is because**

14

"Rule 60(b)(1) is not available to provide relief when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action." *Id.* at 578 (citing to 7 Moore, *Federal Practice*, ¶ 60–22[2], p.60–182). "Similarly, Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." *Id.* at 577. As applied here, Defendants misunderstanding of how agreeing to judgment would work is not a basis for relief under Rule 60(b).

Therefore, the Court cannot find that the bankruptcy court erred in denying Defendant's motion for relief from judgment because this case does not have extraordinary circumstances or extreme hardship that would warrant such relief.

IV.   **CONCLUSION**

For the above stated reasons, the Court AFFIRMS the bankruptcy court's order denying motion for relief from judgment/order.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　\_\_\_\_/s/_____
　　　　　　　　　　　　　　　　　　　　Hon. Vanessa L. Bryant
　　　　　　　　　　　　　　　　　　　　United States District Judge


**Dated this day in Hartford, Connecticut**